IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3155 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| XAYKHAM MANNAVONG, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Xaykham Mannavong (filing 27-1).[1] A motion to proceed without payment of fees (filing 28) is also before the court. The defendant claims his lawyer was ineffective at sentencing, but Mannavong's own motion conclusively establishes that his lawyer acted professionally and did not harm him. Accordingly, I will deny the defendant's § 2255 motion. I will grant the motion to proceed without payment of fees.

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In order to prevail on his claim that his counsel rendered ineffective assistance of counsel, Mannavong must show (1) that "'counsel's representation fell below an objective standard of reasonableness,'" and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). An evidentiary hearing is unnecessary if the movant makes an insufficient preliminary showing on either or both prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

It is undisputed that the defendant's federal offense took place on August 23, 2004. (PSR ¶ 6.) It is also undisputed that: Mannavong had been placed on probation in California on April 2, 1997 for a period of three years; his probation would have otherwise expired sometime in the spring of 2000 if not revoked; and a probation violation warrant had been issued on July 7, 1997. (PSR ¶¶ 27, 29.) It is further undisputed that Mannavong was sentenced in this court on April 25, 2005. (Filing 21.)

Essentially, Mannavong claims that his counsel was ineffective at sentencing because counsel did not challenge a criminal history computation related to the California probation violation referred to above.[2] In particular, the defendant thinks that his lawyer should have objected to the alleged pendency of the 1997 probation violation warrant. The fact of the outstanding warrant caused Mannavong's criminal history to be enhanced beyond merely counting the California conviction in the

---

[2]There were no objections to the presentence report. (Filing 20.)

normal course of calculating the criminal history. (See Presentence Report ¶¶ 27, 29 & 30.) Had the probation violation warrant not been considered, the defendant's criminal history score would have been 7 (category IV) as opposed to 10 (category V).

To be specific, the pendency of the warrant caused the 1997 California conviction to be treated as if it were more recent than 1997. This recency caused Manavong's criminal history to be increased as a result. Compare U.S.S.G. § 4A1.1(d) (if the defendant committed the instant offense while on probation, 2 additional points are added to the criminal history score) and U.S.S.G. § 4A1.1(e) (as pertinent here, adding 1 point if the instant offense was committed within 2 years of certain sentences) with U.S.S.G. § 4A1.2(m) (providing in pertinent part that a defendant who commits the instant offense when a probation violation warrant is outstanding "shall be deemed to be under a criminal justice sentence if that sentence is otherwise countable" and "even if that sentence would have expired absent such warrant.") (emphasis added).

In his 2255 motion, Mannavong claims that his lawyer was ineffective particularly because the California warrant was "'Null and Void.'" (Filing 27-2 at page 3.) Mannavong attaches, as Exhibit 2, a copy of a "Minute Order" purporting to be from the Superior Court of the State of California regarding the California criminal conviction at issue.[3] (Filing 27-2 at page 7.) Among other things, that entry indicates that on October 28, 2005 a California judge made the following ruling: "Court records reveal defendant's probationary term expired May 1, 2000 without formal revocation. . . . The Court orders the outstanding $10,000 bench warrant issued on July 9, 1997 recalled in the interest of justice." (Id.) (Emphasis added.)

---

[3] Although not properly authenticated, for purposes of initial review, I assume that the copy of the document is genuine.

Because the defendant was sentenced in this case on <u>April 25, 2005</u> and the California decision withdrawing the warrant was not issued until <u>October 28, 2005,</u> and the defendant's own records show that there was a pending California warrant at all other material times, Mannavong's counsel cannot be faulted for failing to challenge his client's federal criminal history score. Lawyers are not required to foresee events (like the California court's ruling) before they happen. Moreover, nothing counsel could have done would have changed the basis for the federal criminal history calculation. That is, the 1997 California warrant was *in fact* outstanding on the date of sentencing and on every other date significant to the federal sentencing process. In short, Mannavong's own motion shows that he is entitled to no relief.

IT IS ORDERED that:

1. The defendant's application to proceed without payment of fees (filing 28) is granted.

2. The defendant's § 2255 motion (filing 27-1) is denied with prejudice in all respects, and a separate judgment shall be entered accordingly.

March 22, 2006.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge